UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-10684

Lisa A. Biron,
    Plaintiff-Appellant

v.

Jody Upton, et al,
    Defendants-Appellees

U.S. COURT OF APPEALS
RECEIVED
NOV 27 2015
FIFTH CIRCUIT

## Plaintiff-Appellant's Motion to Extend Filing Deadline

The Plaintiff-Appellant, Lisa Biron, moves this honorable Court for an extension of forty (40) days in which to file her appellate brief in this matter. She states in support as follows.

As a person who is experienced in appellate practice prior to being incarcerated, Plaintiff has discovered that producing an appellate brief from within prison takes at least three (3) times as long as it does in the outside world. The research process is slow and arduous; there is no access to word processing; and the law library is often closed or unavailable.

Further, the staff members at FMC Carswell (the very defendants in this matter) are acting deliberately to interfere with Ms. Biron's ability to work on her appellate brief and other pending legal actions. She is seeking administrative relief via the administrative remedy program for these unconstitutional actions (see exhibit 1), but no immediate relief is expected. In fact, Ms. Biron just learned, on November 19, 2015, that this administrative remedy that was placed securely in a locked office on November 5, 2015 was "lost" and had to be resubmitted.

1

WHEREFORE, the Plaintiff request this Court grant the extension.

Respectfully submitted,

*Lisa Biron*

11/23/15
Date

Lisa Biron # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 27137

## CERTIFICATION OF TIMELY FILING

I hereby declare, under penalty of perjury, that the foregoing Motion was placed this date, U.S. Mail postage pre-paid, in the inmate legal mail system.

*Lisa Biron*
Lisa Biron


CRW 1330.17
August 20, 2012
Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 13360.17, Administrative Remedy Program, (August 20, 2012), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

| Inmate Name | Biron, Lisa A | Register Number | 12775-049 |

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the basis for the complaint occurred.

   ~~Failure to appear~~ See Attached

2. Briefly state the action your request to resolve your complaint.

   See Attached

3. Briefly state the action(s) you have taken and with whom you have spoken to resolve your complaint.

   See Attached

4. GIVE THIS COMPLETED FORM TO YOUR UNIT COUNSELOR FOR RESPONSE.

**********************************TO BE COMPLETED BY STAFF**********************************

Date Received by Counselor for Response_____

5. Summary of investigation (place response on this form):

6. What actions were taken to resolve this matter informally (place response on this form):

7. Explain reasons for no resolution (place response on this form):

Original Submitted 11/5/15 - claims never received.

Date Issued BP 8.5 _11/19/15_    Unit Team Member: _Franklin_
Date Inmate Returned BP 8.5 _____    Unit Team Member: _____
Date Investigation on BP 8.5 Completed and BP-9 (BP229(13)) Issued:_____
Date & Unit Manager/Camp Administrator Signature:_____
On _____ (date), this issue was informally resolved.

Inmate Signature _____    Date _____

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate to the Unit Counselor for filing.
(2) If complaint is NOT informally resolved, for the original (attached to BP-9 form) to the BP-9 Coordinator's box in the Warden's Office

Biron, Lisa A.
11/5/15

## Administrative Remedy Request

### Facts

L. Cole-Rowls and other FMC Carswell staff members have conspired to deny Ms. Biron's constitutionally protected access to the courts by forcing her into a prison job that conflicts with the main block of hours available in the law library in which to do her legal work, and by denying her requested legal leave to meet an imminent court deadline.

On or about September 28, 2015, only ten (10) days before her appellate brief was due for Case No. 15-10607 (5th Cir.), Ms. Rowls, without any known cause, and without any consultation with Ms. Biron or with Ms. Biron's supervisor, removed Ms. Biron from her weekend orderly position and put her into a compound orderly position. Ms. Biron had worked as a weekend orderly since July 10, 2015 because that position allowed her time to work on necessary legal work for the many legal actions in which she is personally embroiled — actions that Ms. Rowls has actual knowledge of, having given Ms. Biron legal leave in May when one of the actions was before the District Court. These actions include attorney discipline actions, family law cases, criminal appeals, a habeas action, and a Bivens action. The new position conflicts with the main time that the law library is open (Monday - Friday 12:30-3:30 p.m.).

Because of the unexplained, surprise job change, Ms. Biron requested legal leave to finish her brief. Ms. Rowls denied her request. Ms. Biron barely finished the 41 page brief with the 91 page appendix on time, and the brief was not up to Ms. Biron's professional standard of legal work.

On or about October 23, 2015, Ms. Biron received the briefing order for Case No. 15-10684 (5th Cir.). The deadline for this brief is November 23, 2015. Ms. Biron has requested legal leave for time to conduct legal research and preparation of this brief several times. Her requests were denied. Ms. Biron asked her new supervisor to be allowed to work her hours on the weekends until after this brief was finished. This request was denied. Ms. Biron was told that the FBOP does not care if she is able to complete her brief. Ms. Biron is an expert in the field of appellate advocacy and has plainly stated that she needs all of the weekday hours to research and prepare this highly complex brief. Regardless, the staff has told Ms. Biron that she has sufficient time without legal leave to complete the brief. Ms. Biron will be forced to get an extension of time to complete the brief. This constitutes actual prejudice as it will take longer to adjudicate the constitutional violations that are the subject of the action.

### Legal Standards

This treatment by Ms. Rowls, and other FBOP staff, violates the Constitution, the Code of Federal Regulations, and the FBOP Program Statement.

"Prisoners have a constitutional right of access to the courts that is 'adequate, effective, and meaningful'." Terry v. Hubert, 609 F.3d 757, 761 (5th Cir. 2010) (quoting Bounds v. Smith, 430 U.S. 817, 822 (1977)). Title 28 C.F.R. § 543.11(i) mandates that "[t]he Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet an imminent court deadline." This mandate is incorporated verbatim into the FBOP Program Statement at P.S. 1315.07.

A government official, such as Ms. Rowls and those involved in denying Ms. Biron this right, will be held personally liable for damages and unprotected by qualified immunity when certain conditions are met.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The qualified immunity inquiry thus involves two prongs that must be answered affirmatively for an official to face liability: (1) whether the [official's] conduct violated a Constitutional right, and (2) whether the [official's] conduct was objectively unreasonable in light of clearly established law . . . ." Terry, 609 F.3d at 761.

In the present case, both prongs are met. Ms. Biron clearly has the right to legal leave for sufficient time to draft her brief and Ms. Rowls is denying the right. And this conduct is unreasonable considering an inmate's right of court access is known and established.

Therefore, Ms. Biron requests immediate legal leave to complete her brief and a change in her job to a weekend position so she has sufficient time to prosecute the abovementioned actions.