No. 15-10684



U.S. COURT OF APPEALS
RECEIVED
MAY 03 2017
FIFTH CIRCUIT

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Lisa Biron,
   Plaintiff-Appellant

v.

Jody Upton, Warden, FMC Carswell, et al.,
   Defendants-Appellees

---

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
District Court No. 4:15-CV-205-O

---

**REPLY BRIEF FOR APPELLANT**

---

Lisa Biron, Esq.
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

**Table of Contents**

I.   Introduction .................................  1

II.  There Is No Court Order Barring Contact ......  1

III. Ms. Biron's Administrative Remidies are
     Exhausted and Her Claims are Not Heck-
     Barred .......................................  4

IV.  The Habeas Court Did Not Find that A
     No-Contact Order Existed and It Was
     Error to Take Judicial Notice of the
     State Order or the Habeas Proceeding .........  6

V.   Conclusion ...................................  7

I. Introduction

That there is a need to start this "summary judgment"-type argument at the appellate court level strongly supports Ms. Biron's position that the district court erred in dismissing her claims on a PLRA screening without having served the Defendants. Nevertheless, Ms. Biron will address the Appellees' faulty arguments and correct their material misstatements of fact so the record is accurate before this Court.

II. There Is No Court Order Barring Contact

The Appellees[1] are mistaken that there is a State of New Hampshire court order barring contact between Ms. Biron and her daughter. To support this contention, the district court (and, now, the Appellees) points to language from a December 2012 DCYF-Juvenile Dispositional Review Hearing Order.

But this document has been replaced by subsequent, updated review hearing orders, <u>none</u> of which are in effect any longer. This is because, once the juvenile is permanently placed,[2] and the proceeding is over, the file is sealed, and <u>none</u> of the provisions in any of these review hearing documents is of any effect any longer. Furthermore, nothing in this juvenile matter is a matter of public

---

1 The actual FMC Carswell Defendants have never suggested to Ms. Biron that they are enforcing a N.H. State court order barring contact. This mistaken belief appears to have originated from a 2013 DHO proceeding in Danbury, CT, and is now being hailed as an "explicit bar" to contact.
2 Ms. Biron's daughter was permanently placed in the custody of her father in July 2013. She will be 19 years-old this month.

record, and the entire proceeding is eligible for expunction after one (1) year. See N.H.R.S.A. 169-C.

It is apparent by a simple reading of the order that it is outdated because the "explicit bar" that the Appellees and district court refer to is the recitation of Ms. Biron's state bail conditions from the state criminal case that had already been nolle prossed before the December 2012 order.[3] Remarkably, the Appellees claim that the provision is "clearly not a recital of [Ms. Biron's bail conditions], but instead represent[s] the New Hampshire Court's own orders." (Appellees' Br. at 14-15, 15 n.5 emphasis added). The Appellees are clearly mistaken. The document states, "Lisa Biron shall comply with all bail conditions and shall not contact or attempt to contact [her daughter] either directly or indirectly . . . ." (State Order at 7.)

The other clause from the December 2012 order that is quoted by the district court and the Appellees states,

---

3 The state criminal case was nolle prossed in November 2012 shortly after Ms. Biron's federal arrest. That the bail language appeared in the December 2012 review hearing order at all was a typographical error. The December 2012 hearing was the second review hearing in the DCYF juvenile matter; the first occurred in October 2012, after the state arrest. Review hearing orders in these juvenile matters are generally produced at three (3) month intervals for use at the recurring dispositional review hearings. See N.H.R.S.A. 169-C. The same template from the prior hearing's order (in this case, the October 2012 order) is used, updates are made, and, as in this case, the bail condition language was accidentally left in the document when it should have been deleted. There were at least two subsequent "orders" that replaced the December 2012 order. A typographical error in an obsolete document is not an "explicit bar" to contact.

2

"Lisa Biron shall have no contact with [her daughter] including third party contact except that as may be deemed appropriate by and monitored by DCYF." (Id.) Additionally, in this same document there is a provision allowing supervised visitation with Ms. Biron upon agreement with the therapist. (Id. at 5.) These provisions that allow Ms. Biron contact and visitation with her daughter at the discretion of a DCYF-social worker and therapist are, clearly, not an "explicit bar" to contact. Further, these discretionary contact and visitation provisions became void entirely by July 2013 once Ms. Biron's daughter was placed permanently in the custody[4] of her father, Michael Biron, in Virginia.

Moreover, had the state court issued a no-contact order between Ms. Biron and her daughter, it would be reflected in part II, section C of the document. (Id.) This section is captioned "Orders of Protection" and specifically requires that an Order of Protection Form, NHJB-2255-DF,[5] be completed to effectuate such an order. (Id.)

---

[4] The extent of Appellees' misinterpretation of the December 2012 document is apparent by their representation that Ms. Biron was "stripped of her parental rights" by this document. (Appellees' Br. at 14.) Ms. Biron, however, was not "stripped" of her parental rights at any time, nor did DCYF move to terminated them.

[5] Presumably this form is required because it would be a matter of public record to serve as notice, whereas the review hearing orders in these juvenile proceedings are not public records.

3

In sum, no provision in the December 2012 order or in any of the multiple review hearing orders from this juvenile dispositional matter remain in effect. And even if the December 2012 order was valid, there is no provision in the order that is an "explicit bar" to contact.

### III. Ms. Biron's Administrative Remedies are Exhausted and Her Claims are Not Heck-Barred

Ms. Biron has exhausted all of her administrative remedies ("ARs") related to her instant claims and non-exhaustion of ARs related to her DHO convictions are completely irrelevant here. As stated in her Brief and in her original Complaint, Ms. Biron does not challenge any DHO convictions or the loss of good conduct time ("GCT") in this action; they are challenged in a separate habeas action.[6] Nevertheless, it is worth mentioning that the ARs related to the June 2014/November 2014 DHO conviction have, subsequentially, been exhausted.

Likewise, as set forth in her Brief (at 12-13), Ms. Biron's claims are not Heck-barred. Appellees claim that Ms. Biron's argument that the UDC members' actions are "not convictions for purposes of Heck" is "unavailing." Appellee states that Ms. Biron "did lose good-time credit in connection with the other proceedings." (Appellees' Br. at 21-22.) Appellees then refer to two disciplinary pro-

---

6 This Court affirmed the judgment of the Northern District of Texas that dismissed her habeas petition, in part, for non-exhaustion of her ARs. (No. 15-10607.) Her petition for a writ of certiorari was mailed to the Supreme Court on April 24, 2017.

ceedings that occurred in Danbury, CT, FCI in November 2013 and February 2014 which resulted in loss of GCT. But her instant claims did not arise in Connecticut and she has not named anyone from Danbury as a defendant in this case. Appellant is apparently confusing these Danbury disciplinary proceedings with the UDC members' actions challenged in this case. And, as correctly argued in her Brief, the UDC actions did not and cannot result in the loss of GCT, and are, therefore, not convictions under Heck.

In addition, for the reasons stated in her Brief, the claims involving the June 2014 interference with Ms. Biron's contact with her daughter and Ms. Biron's father[7] are not Heck-barred because they will not effect her November 2014 DHO conviction for circumvention of mail monitoring which was not based on the existence of a no-contact order.

Moreover, Appellees' contention that Ms. Biron argued "there was not a no-contact order" as a defense at the November 2014 re-hearing is untrue. Ms. Biron argued

---

7 Appellees have incorrectly stated that Ms. Biron mailed letters addressed to her ex-husband that contained letters for her daughter. This is false. Appellees appear to be confusing the facts from the November 2014 DHO conviction. Ms. Biron mailed a file-copy of a letter, that was previously mailed to her daughter, to Ms. Biron's father (her Power of Attorney) Michael Bonczar. The claims brought against Defendants for interfering with her mail to her ex-husband, Michael Biron, are completely unrelated to contact with her daughter.

nothing at this re-hearing because she was not invited to the hearing and did not know it had occurred until she was issued a revised DHO report that stated she had been found guilty based on different facts than the original June 2014 conviction.[8] Consequently, a favorable ruling in the present case on the claims involving the June 2014 incidents will not necessarily invalidate the November 2014 DHO conviction, and are, therefore, not barred by Heck.

### IV. The Habeas Court Did Not Find that A No-Contact Order Existed and It Was Error to Take Judicial Notice of the State Order or the Habeas Proceeding

The Appellees' and the district court's reliance on the habeas case is misplaced. The only finding that the habeas court made on the merits[9] was that there was "some evidence" to support the DHO's conclusion that Ms. Biron wrote a letter in code (which, incidentally, she did not) in October 2013. The habeas court quoted, in part, the language from the December 2012 review hearing order, but it made no finding regarding the validity of a no-contact order or an "explicit bar" to contact.

And while Appellees are correct that a court may take judicial notice of matters of public record, the DCYF juven-

---

[8] At the June 2014 DHO hearing, prison officials claimed that a magistrate's pre-trial order was still active to bar contact with Ms. Biron's daughter. Ms. Biron argued, in her defense, that this was not possible as pre-trial orders expire after the trial is over, and magistrates cannot issue injunctions. Neither the original June 2014 conviction, nor the November 2014 re-conviction was based on the NH State order.

[9] The merits of Ms. Biron's other habeas claims were not addressed, but were dismissed for non-exhaustion of ARs. See supra n.6.

ile dispositional order is <u>not</u> a matter of public record. Juvenile dispositional hearings and related orders, such as the one at issue here, are not open to the public and are not matters of public record. This is not because of the salacious reasons imagined by opposing counsel in footnote 5 of Appellees' brief, but because these dispositional proceedings involve juveniles.

And regardless, as explained in section II above, the state document did not contain an explicit bar to contact and no "orders" from these proceedings remained in effect once the matter was closed (i.e., finished, over, concluded).

V.  Conclusion

This Court is <u>not</u> the fact-finder. It should reverse the district court's judgment, remand the case, and instruct the district court to allow the Plaintiff thirty (30) days to either supplement or amend her complaint for service on the Defendants.

Respectfully submitted

5/1/2017
Date

*Lisa Biron*
Lisa Biron # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

7

## Certificate of Service and Timely Filing

I hereby swear, under penalty of perjury, that four (4) copies of this Reply Brief were mailed to the Fifth Circuit Court of Appeals via U.S. Mail, first-class postage pre-paid, by depositing said documents in the inmate legal mail system on this date, and that a copy of same was mailed to AUSA Brian W. Stoltz.

5/1/2017
Date

Lisa Biron
Lisa Biron

Lisa Biron
12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127





TUE 02 MAY 2017



9⇔
Circuit Ct Appeals
k of the Court
600 S Maestri PL
NEW Orleans, LA 70130-3408
United States